UNITED STATES of America, Plaintiff–Appellee,

v.

Charles Antoin NOVEY, Defendant–Appellant.

No. 95–6249.

United States Court of Appeals, Tenth Circuit.

March 15, 1996.

Susan M. Otto, Federal Public Defender, Oklahoma City, Okla., for Defendant/Appellant.

Frank Michael Ringer, Assistant United States Attorney, Oklahoma City, Okla. (Patrick M. Ryan, United States Attorney, with him on the brief), for Plaintiff/Appellee.

Before SEYMOUR, Chief Judge, EBEL and BRISCOE, Circuit Judges.

EBEL, Circuit Judge.

This appeal from the denial of Charles Novey's petition to reduce his sentence implicates the authority of the United States Sentencing Commission to enact Amendment 506, which amended the commentary to United States Sentencing Guideline § 4B1.1 to reduce the penalty for career offenders. For the reasons stated below, we hold that the Commission exceeded its authority in enacting Amendment 506, and we AFFIRM the district court.

I.

In June 1989, Charles Novey pled guilty to making a false statement to the Postal Service, in violation of 18 U.S.C. § 1001, and possession with intent to distribute 3837.5 grams of marijuana, in violation of 21 U.S.C. 841(a)(1). Ten days prior to the guilty pleas, the government filed an information alleging that the defendant had been previously convicted of a controlled substance offense. Under 21 U.S.C. 841(b)(1)(C), the prior conviction raised the maximum penalty Novey could receive for his drug trafficking conviction from twenty to thirty years.

The presentence investigation report stated that Novey in fact had two prior convictions involving controlled substances. Based on these two prior convictions, the district court determined that Novey was a career offender for purposes of the United States Sentencing Guidelines. Guideline 4B1.1, which implements 28 U.S.C. 994(h), provides that "[a] career offender's criminal history category in every case shall be Category VI" and that the defendant's offense level is to be calculated on the basis of the "Offense Statutory Maximum." The district court found that the Offense Statutory Maximum for Novey's drug trafficking conviction was thirty years, as this was the maximum sentence he could receive after applying the enhancement under 21 U.S.C. 841(b)(1)(C). Under the Career Offender Guideline, an Offense Statutory Maximum of twenty-five years or more results in an offense level of 34. The court thus calculated a level 34 and category VI range of 262 to 327 months. Novey was sentenced to 262 months on the drug traf-

ficking charge and 40 months, to run concurrently, on the false statements charge.

The district court's calculation of Novey's sentence was affirmed by this court. *See United States v. Novey,* 922 F.2d 624 (10th Cir.), *cert. denied,* 501 U.S. 1234, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). However, effective November 1, 1994, the United States Sentencing Commission enacted Amendment 506, which modifies the application note defining "Offense Statutory Maximum" for purposes of Guideline 4B1.1.[1] As amended, application note 2 to 4B1.1 provides that the Offense Statutory Maximum "refers to the maximum term of imprisonment authorized ..., *not including* any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record ...." (emphasis added). As directed by the amended application note 2, the Offense Statutory Maximum for Novey's offense would be only twenty years: the maximum penalty provided by 21 U.S.C. 841(b)(1)(C) without the enhancement for a prior felony conviction. This recalculation would lower Novey's offense level from 34 to 32, and would lower the appropriate sentencing range from 262–327 months to 210–262 months.

Based on Amendment 506's reduction of the applicable Guidelines range to his offense, Novey filed a motion pursuant to 18 U.S.C. 3582(c) and 3742(a)(2) seeking a reduction of his sentence. The government responded that Amendment 506 is invalid, as it is inconsistent with Congress' mandate that sentences for career offenders be set "at or near the maximum term authorized." 28 U.S.C. 994(h). The district court agreed with the government that Amendment 506 "clearly conflicts" with 994(h). Accordingly, the district court found Amendment 506 "not binding" and denied Novey's motion for sentencing relief pursuant to that amendment. We affirm.

## II.

The Sentencing Guidelines are promulgated by the Sentencing Commission pursuant to the enabling legislation enacted by Congress. *See* 28 U.S.C. 991–998. The duties of the Commission are enumerated at 28 U.S.C. 994. At issue in this case is section 994(h), which provides:

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years or older and [has been convicted of a crime of violence or enumerated felony drug offense and has at least two such prior convictions].

Pursuant to this statutory mandate, the Commission promulgated Guideline 4B1.1, entitled "Career Offender." The Guideline's definition of career offender tracks the language of 994(h):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.1 goes on to provide that a career offender automatically receives a criminal history of VI, and the defendant's offense level is keyed to the "Offense Statutory Maximum."

Before the enactment of Amendment 506, the commentary to Guideline 4B1.1 defined Offense Statutory Maximum simply as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." U.S.S.G. 4B1.1, comment., n. 2 (Nov. 1993). The commentary further explained that "[t]he legislative history of this provision sug-

---

1. The Commission has designated Amendment 506 as an amendment that is authorized for retroactive application. *See* U.S.S.G. 1B1.10(a) (Nov. 1995) ("Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. 3582(c)(2)."); U.S.S.G. 1B1.10(c) (Nov. 1995) (listing Amendment 506).

gests that the phrase 'maximum term authorized' should be construed as the maximum term authorized by statute." *Id.,* comment., back'd. Where a statute, such as 21 U.S.C. 841(b)(1)(C), provides for an enhanced maximum penalty because of a defendant's prior criminal record, the circuit courts that addressed the issue prior to the Sentencing Commission's adoption of Amendment 506 have interpreted "Offense Statutory Maximum" to mean the enhanced statutory maximum. *See United States v. Smith,* 984 F.2d 1084, 1086–87 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993); *United States v. Sanchez,* 988 F.2d 1384, 1394–97 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 217, 126 L.Ed.2d 173 (1993); *United States v. Saunders,* 973 F.2d 1354, 1364 (7th Cir.1992), *cert. denied,* 506 U.S. 1070, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993); *United States v. Garrett,* 959 F.2d 1005, 1009–11 (D.C.Cir.1992); *United States v. Amis,* 926 F.2d 328, 329–30 (3d Cir.1991); *United States v. Sanchez–Lopez,* 879 F.2d 541, 558–60 (9th Cir.1989). Under this interpretation, a defendant's prior convictions are, in effect, used twice: first to enhance the defendant's criminal history category and again to enhance the defendant's offense level. The courts, while acknowledging this result, found it to be consistent both with Guideline 4B1.1 and with Congress' desire to sentence career offenders at or near the statutory maximum. *See, e.g., Smith,* 984 F.2d at 1087.

With Amendment 506, the Commission amended application note 2 of the Commentary to 4B1.1 to define the term "Offense Statutory Maximum" as the statutory maximum without considering any enhancement based on the defendant's prior criminal record. The amended definition reads, in part, as follows:

"Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of a defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D))....

U.S.S.G. 4B1.1, comment., n. 2 (Nov. 1994).

The government protests, and the district court agreed, that this definition of "Offense Statutory Maximum" is inconsistent with 994(h)'s mandate that a sentence be set for career offenders that is "at or near the maximum term authorized."

### III.

"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). Our review of any amendment to the commentary is therefore deferential.[2] Nonetheless, the Sentencing Commission does not have the authority to override or amend a statute. *See Neal v. United States,* —— U.S. ——, ——, ——, 116 S.Ct. 763, 766, 768, 133 L.Ed.2d 709 (1996).

---

2. Under *Stinson,* when determining whether commentary is consistent with the sentencing guidelines themselves, the degree of deference is the same as that accorded to "an agency's interpretation of its own legislative rule," 508 U.S. at 44, 113 S.Ct. at 1919, and the commentary is controlling unless plainly erroneous or inconsistent with the guideline. *See id.* There appears to be some debate as to whether *Stinson* implies this level of deference whenever judicial review of the commentary is undertaken, or whether the appropriate standard when commentary is being reviewed for consistency with a statute is supplied by *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104

S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). *See United States v. LaBonte,* 70 F.3d 1396, 1404 and n. 6 (1st Cir.1995)(noting debate and applying *Chevron* standard). *Chevron* provides that "[w]hen a court reviews an agency's construction of the statute which it administers," the court must determine whether Congress has directly addressed the precise question at issue and, if not, must determine "whether the agency's answer is based on a permissible construction of the statute." 467 U.S. at 842–43, 104 S.Ct. at 2781–82. We need not delve into such fine distinctions here, however, since we find that Amendment 506 stands squarely in conflict with 994(h), and is invalid under either standard.

We are compelled by the clear directive of 994(h) to hold that Amendment 506 is inconsistent with that statute, and is therefore invalid as beyond the scope of the Commission's authority delegated to it by Congress.

We turn first to the language of 994(h) itself. The statute directs the Commission to assure that the guidelines specify a sentence "at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and [has been convicted of a crime of violence or enumerated drug offense and has two such prior convictions]."[3] Amendment 506 can be valid only if the phrase "maximum term authorized" could plausibly be interpreted to mean *either* the "maximum enhanced term authorized" or the "maximum unenhanced term authorized."[4] Standing alone, the phrase "maximum term authorized" is subject to either interpretation. As we read the statute, however, the phrase "maximum term authorized" is modified by the phrase which immediately follows: "for categories of defendants in which the defendant is eighteen years old or older and [has been convicted of a crime of violence or enumerated drug offense and has two prior such convictions]." Because the "maximum term authorized" for categories of defendants in which the defendant has two prior qualifying felony convic-

tions is necessarily the enhanced statutory maximum, we find no ambiguity in the statute. It would make no sense for the statute to require the "maximum term authorized" to be considered in the context of defendants with two or more prior qualifying felony convictions unless it was intended that that phrase mean the enhanced sentence resulting from such a pattern of recidivism.[5]

We find further guidance regarding Congress' intent in enacting 994(h) when that subsection is read in conjunction with 994(i). Subsection 994(i) directs the Commission to assure that the guidelines specify "a sentence to a substantial term of imprisonment" for several categories of defendants, including defendants who have been convicted of two or more prior felonies, without regard to the nature of the prior felony convictions. Section 994(h), by contrast, applies to a subset of such defendants: those who have been convicted of two prior felonies, both of which are crimes of violence or qualifying drug trafficking offenses. Defendants with the specific criminal histories addressed in 994(h) are to receive something more than a "substantial term of imprisonment"; they are to receive a term of imprisonment that is "at or near the maximum term authorized." The history of the guidelines enabling legislation is consistent with this observation, as it demonstrates that Section 994(h) was added to strengthen

---

3. The full text of 28 U.S.C. 994(h) reads:
   (h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—
   (1) has been convicted of a felony that is—
   (A) a crime of violence; or
   (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.); and
   (2) has previously been convicted of two or more prior felonies, each of which is—
   (A) a crime of violence; or
   (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.).

4. Novey was convicted of violating 21 U.S.C. 841. Accordingly, our opinion addresses whether Amendment 506 is consistent with 994(h) in the context of that statute.

5. Without Amendment 506, the maximum Guidelines range for a defendant eligible for the enhancement provisions of 21 U.S.C. 841(b)(1)(C) is 262 months to 327 months, or a maximum sentence of 27 years and three months. While individual characteristics of a particular defendant may cause the penalty to be raised or lowered, we believe this starting point is "at or near" the enhanced statutory maximum penalty of thirty years provided in 841(b)(1)(C). By contrast, if Amendment 506 is applied, the Guideline range for the category of defendants eligible for the enhancement provisions of 21 U.S.C. 841(b)(1)(C) is 210 months to 262 months, or a maximum sentence of 21 years and 10 months. This latter range, we believe, cannot be described as "at or near" the enhanced statutory maximum of thirty years provided in 841(b)(1)(C).

the penalties for career criminals beyond those already provided by subsection 994(i). *See* S. 1437, 95th Cong.2d Sess., 124 Cong. Rec. 1385–86 (1978) (Senate version of legislation containing text now found in 994(i)); S. 2572, 128 Cong.Rec. 26517–18 (1982) (statement of Senator Kennedy, sponsor of amendment underlying the current 994(h)).

Most compellingly, we agree that the Commission's current interpretation of the statute is "inherently implausible because it effectively nullifies the criminal history enhancements carefully enacted in statutes like 21 U.S.C. 841." *United States v. LaBonte,* 70 F.3d 1396, 1415 (1st Cir.1995)(Stahl, J., concurring in part and dissenting in part). Under the reading urged by Novey, 994(h) would provide that qualifying recidivist violent felons or drug offenders would only receive sentences at or near the maximum term authorized for defendants without such prior criminal history—that is, the unenhanced maximum. This would negate those provisions in 21 U.S.C. 841(b)(1)(A)–(D) which clearly provide that qualifying recidivist criminals may receive penalties substantially above the maximum penalties authorized for first-time offenders of the same offense. We cannot agree that by expressing an intent to punish repeat drug offenders "at or near the maximum term authorized," Congress in fact intended that express statutory sentence enhancements for qualifying recidivist offenders be disregarded. As the District of Columbia Circuit reasoned in *United States v. Garrett,* 959 F.2d 1005, 1010 (D.C.Cir.1992), in response to a pre-Amendment 506 challenge to the use of an enhanced maximum penalty to establish the Offense Level in Guideline 4B1.1:

> To conclude that Congress, in approving the Guidelines, intended to erase the statutory distinctions among offenders based either on their past actions or on the circumstances of the offense, distinctions carefully set forth in subsection 841(b)(1)(B), would be senseless. On the contrary, under the career offender provision, Congress simply refined further the statutory sentence range so that the sentencing judge must impose a term of imprisonment nearer to the statutory maximum for a drug recidivist.

We note that our holding today is consistent with our prior holding in *United States v. Smith,* 984 F.2d 1084 (10th Cir.1993). In *Smith,* decided before the Commission enacted Amendment 506, we upheld the district court's use of the enhanced 30 year sentence provided by 841(b)(1)(C) to calculate the Offense Statutory Maximum for purposes of Guideline 4B1.1. We reasoned that "[t]he Sentencing Guidelines merely implement Congress' intent that career offenders should receive a sentence that is at or near the statutory maximum." *Id.* at 1087. We cited *United States v. Sanchez–Lopez,* 879 F.2d 541, 558–59 (9th Cir.1989) for the "instructive" discussion we found therein. In *Sanchez–Lopez,* the Ninth Circuit upheld the district court's use of the enhanced statutory maximum for purposes of the Guidelines, reasoning that:

> Congress made it very clear that the Sentencing Commission should ensure that [career criminals] should receive a sentence of imprisonment under the guidelines that is at or near the maximum term authorized by statute....
>
> "[I]f the district court had not applied the career offender provision [as well as the statutory enhancement], Congress' intent for repeated drug offenders to have near the maximum sentence would have been thwarted."

*Id.* at 559.

■ Of course, the Commission is free to enact commentary that contravenes prior judicial constructions of a particular guideline, *see Stinson,* 508 U.S. at 46, 113 S.Ct. at 1919, as long as the commentary does not conflict with the guideline or violate a statute. We find it significant, however, that most courts upholding the use of an enhanced statutory maximum under the Guidelines before the enactment of Amendment 506 relied, not on a construction of Guideline 4B1.1, but on a construction of 994(h). *See, e.g., Smith,* 984 F.2d at 1087; *Sanchez–Lopez,* 879 F.2d at 559; *Garrett,* 959 F.2d at 1010; *United States v. Sanchez,* 988 F.2d 1384, 1396 (5th Cir.1993).

## IV.

In holding that Amendment 506 is invalid, we recognize that we stand in disagreement not only with the Commission, but with the only other appellate court to address the issue. *See United States v. LaBonte*, 70 F.3d 1396, 1400 (1st Cir.1995)("Although the call is close, we hold that Amendment 506 is a reasonable implementation of the statutory mandate.").[6] We therefore turn to the arguments that have been put forward in support of the Amendment.

The first is that the reading of 994(h) that we adopt today is "unduly rigid." *See* 129 Cong.Rec. 22888 (1983) (Summary of the Comprehensive Crime Control Act) (provisions such as 994(h) "provide[ ] general legislative guidance to the Commission.... These provisions are intended to accord some direction to the Commission without so circumscribing its consideration of occasional countervailing factors as to prove unduly rigid."). The commentary to Guideline 4B1.1, as amended, explains that "[t]he Commission's refinement of [the definition of Offense Statutory Maximum] over time is consistent with Congress'[ ] choice of a directive to the Commission rather than a mandatory minimum sentencing statute." U.S.S.G. 4B1.1, comment., back'd (Nov. 1995). To read 994(h) too literally, it is urged, not only ignores Congressional intent that the Sentencing Commission retain discretion, but ignores the myriad of other Congressional directives to the Commission contained in section 994. "[T]he Sentencing Reform Act places many restraints on the Commission apart from those embodied in section 994(h)," *LaBonte*, 70 F.3d at 1407: *e.g.*, restraints ensuring consistency and certainty in sentencing, *see* 994(f), to restraints minimizing the likelihood of overcrowding in federal prisons, *see* 994(g).

Moreover, proponents point out, the "Offense Statutory Maximum" is only a starting point for the calculation of a sentence; numerous downward or upward adjustments may follow. "Unless one is ready to place any and all downward adjustments beyond a repeat offender's reach[,] ... it is surpassingly difficult (if not impossible) to expect the Commission to write a rule which ensures that career offenders will invariably receive sentences 'at or near' each individual's" enhanced statutory maximum. *LaBonte*, 70 F.3d at 1410; *see also United States v. Saunders*, 890 F.Supp. 764, 768 (W.D.Wis.1995) (Amendment 506 must be valid "[u]nless one reads 994(h) as prohibiting any changes in the guidelines that have the effect of reducing the sentence that can be meted out to a drug offender...").

We believe such arguments misconstrue the nature of Amendment 506's fatal flaw. Section 994(h) does not mandate that each individual defendant receive a sentence "at or near the maximum term authorized." Rather, the statute directs the Commission to assure that the guidelines specify such a term "for categories of defendants" in which the defendant is a recidivist violent felon or drug offender.[7] Sentence adjustments based

---

**6.** Of the handful of district courts to consider the question, moreover, most have sustained Amendment 506 against challenges from the government. *See, e.g., United States v. Saunders*, 890 F.Supp. 764, 768 (W.D.Wis.1995); *United States v. Fountain*, 885 F.Supp. 185, 189 (N.D.Iowa 1995); *United States v. Robinson*, 906 F.Supp. 1136, 1144 (E.D.Mich.1995); *but see United States v. North*, 914 F.Supp. 533, 534–35 (S.D.Fla.1996); *United States v. Sheppard*, 879 F.Supp. 80, 82 (C.D.Ill.1995).

**7.** The First Circuit finds ambiguity in the phrase "categories of defendants:" it may mean either (1) defendants against whom prosecutors have filed an information pursuant to 21 U.S.C. 851(a)(1), or (2) all offenders (or all repeat offenders) regardless of whether the prosecution chooses to invoke the enhancement. *See La-Bonte*, 70 F.3d at 1404–05. The only maximum term that could apply to the entire category of all defendants under the broader definition (number 2, above) is the unenhanced statutory maximum, so the Commission's adoption of that standard is plausible. *See id.*

We simply disagree that this phrase is ambiguous. The categories of defendants intended by Section 994(h) are expressly defined as those "in which the defendant is eighteen years or older and—(1) has been convicted of a [qualifying] felony ...; and (2) has previously been convicted of two or more prior felonies, each of which is [a qualifying felony]." The fact that an entirely distinct statute, 21 U.S.C. 851(a)(1), provides that the government may not invoke statutory enhancements without filing an information cannot inject ambiguity into a facially clear statute.

on the circumstances of *an individual defendant,* such as acceptance of responsibility, substantial assistance to the investigation, or any other mitigating factor, are not implicated. Our holding today in no way infringes on the Commission's discretion to provide for adjustments to a sentence after the offense level is determined. We simply hold that the Commission cannot categorically eliminate statutorily mandated enhancement provisions from the sentencing calculation.[8]

A second justification advanced in favor of Amendment 506 is that it promotes consistency in sentencing. In enacting Amendment 506, the Commission explained that the Amendment "avoids ... unwarranted disparity associated with variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions." U.S.S.G., App. C, Amend. 506, at 411 (Nov. 1995). Because the enhancement provisions apply only if the government chooses to invoke them, *see, e.g.,* 21 U.S.C. 851(a)(1), similarly situated defendants may receive disparate sentences depending on the behavior of the prosecutor. Because "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" is one of the Sentencing Commission's fundamental purposes, 28 U.S.C. 991(b)(1)(B), proponents urge that Amendment 506 is therefore consistent with Congressional intent.

It is indisputable that a primary goal of federal sentence reform was "the elimination of unwarranted sentencing disparity." S.Rep. No. 225, 98th Cong., 2d Sess. 52, *reprinted in* 1984 U.S.S.C.A.N. 3182, 3235. Equally clear, however, is that Congress perceived such disparity to be the result of unchecked discretion by sentencing judges and parole boards. *See, e.g.,* S.Rep. No. 225 at 37, 1984 U.S.S.C.A.N. at 3221 ("These disparities ... can be traced directly to the unfettered discretion the law confers on those judges and parole authorities responsi-

ble for imposing and implementing the sentence."). We can find no indication, either in the text of the guidelines enabling legislation or the legislative history, that the guidelines or the Commission were intended specifically to address prosecutorial discretion. In fact, one of the most common criticisms of the entire guidelines system is that it transfers discretion from district judge to prosecutor. *See, e.g., United States v. Stanley,* 928 F.2d 575, 583 (2d Cir.)(Feinberg, J.) (noting with concern transfer of discretion under Guidelines), *cert. denied,* 502 U.S. 845, 112 S.Ct. 141, 116 L.Ed.2d 108 (1991); *United States v. Kikumura,* 918 F.2d 1084, 1119 (3d Cir.1990)(Rosenn, J., concurring) (transfer of discretion to prosecutor permits "manipulation of ... charge and sentencing").

Even assuming a general Congressional concern with curbing prosecutorial discretion, we would be unable to agree that the disparity caused by decisions to seek a sentence enhancement is the "unwarranted" disparity which Congress sought to eliminate. Subsection 994(h) refers explicitly to, among other statutes, 21 U.S.C. 841. The Commission commented that when 994(h) was enacted by Congress in 1984, the current enhanced maximum sentences provided for recidivist drug offenders did not exist. *See* U.S.S.G.App. C, Amend. 506, at 411 (November 1, 1995). However, 21 U.S.C. 841 as it existed in 1984 did contain enhancement provisions for repeat offenders. *See, e.g.,* 21 U.S.C. 841(b)(1)(A), (b)(1)(B) (1982 ed.) (providing enhancements from 15 to 30 years and from 5 to 10 years, respectively, where a defendant had one or more prior convictions for, *inter alia,* "an offense punishable under this paragraph"); *United States v. Garrett,* 959 F.2d 1005, 1010 (D.C.Cir.1992) ("We note that Congress, fully aware that subsection 841(b)(1)(B) contained a tiered punishment scheme, approved the Guidelines after it enacted that subsection.").[9] To invoke these enhance-

---

**8.** We acknowledge that in the case at bar, application of Amendment 506 could potentially lead to a sentence of 21 years and 10 months. Such a sentence does not entirely eliminate the enhancement provision of 21 U.S.C. 841(b)(1)(C), as the sentence is greater than the twenty year maximum otherwise provided for Novey's offense by

841. Nonetheless, we believe that this outcome ignores the statutory mandate of 994(h), as it is not "at or near" the maximum term authorized.

**9.** In fact, the Comprehensive Crime Control Act of 1984—the same legislation containing the guidelines enabling provisions—amended the

ments, moreover, the government was required to file an information to establish prior convictions. *See* 18 U.S.C. 851(a)(1) (1982 ed.). We therefore must assume that Congress was aware that the "maximum term authorized" for a recidivist drug offender would vary depending on whether the prosecutor filed an information, and we must abide by the plain meaning of 994(h). *See LaBonte,* 70 F.3d at 1420 (Stahl, J., concurring in part and dissenting in part) (because 994(h) specifically refers to statutes which expressly vest prosecutorial discretion, disparities resulting from implementation of 994(h)'s clear directive are not the unwarranted disparities Commission was charged to avoid). The disparities decried by proponents of Amendment 506 based on prosecutorial discretion should be addressed to Congress in connection with 21 U.S.C. 851(a)(1) rather than utilized by the courts to give an artificial, and inconsistent, interpretation to 28 U.S.C. 994(h).

### V.

Although we believe the statute is clear and unambiguous, it is with reluctance that we find Amendment 506 invalid. We agree with the policy considerations giving deference to the Commission. The Commission's attempt to ameliorate the severity of the guidelines' treatment of recidivist drug offenders, moreover, is consistent with a widespread belief among judges that the guidelines system may be excessively draconian, and unreasonably deprives judges of the discretion to consider mitigating circumstances. *See, e.g., United States v. Harrington,* 947 F.2d 956, 967 (D.C.Cir.1991)(Edwards, J. concurring) (regretfully reversing sentencing judge who "reasonably concluded that the . . . sentence prescribed by the Guidelines was unnecessary and excessive"); *United States v. Jackson,* 30 F.3d 199, 204–206 (1st Cir.1994)(Pettine, J. concurring) (criticizing guidelines for forcing judges to mechanically sentence defendants to inappropriately severe sentences). Nonetheless, Congress, not the Commission or the courts, has the re-

sponsibility to revise its statutes. We hold that Amendment 506 is not within the scope of the Commission's authority, and therefore is not binding. The judgment of the district court is AFFIRMED.

---

penalty provisions contained in 841(b)(1)(A) and (B), which, as noted above, contained enhanced penalties for qualifying recidivist drug offenders.

*See* 21 U.S.C. 841 (1982 ed. Supp. III) (setting forth 841(b) and (c) as amended by Pub.L. 98–473).