933 F.Supp. 1003 (1996)
UNITED STATES of America
v.
Antonio WASHINGTON, Defendant.
Criminal No. 90-349.
United States District Court, District of Columbia.
July 8, 1996.
*1004 Asst. U.S. Atty. James Plamondon, U.S. Attorney's Office, Washington, DC, for U.S.
Antonio Washington, Modular Facility, Lorton, VA, pro se.

OPINION
STANLEY S. HARRIS, District Judge.
Before the Court is petitioner's motion for reduction or modification of his sentence pursuant to 18 U.S.C. § 3582(c), based upon a recent amendment to the United States Sentencing Guidelines. Upon consideration of the entire record and the relevant authorities, the Court finds U.S.S.G. Amendment 506 to be inconsistent with the Congressional mandate of 28 U.S.C. § 994(h), and therefore invalid as a matter of law. Accordingly, petitioner's motion to modify his sentence is denied.

Background
In 1990 a jury found petitioner and his co-defendant, Carl Gedde, guilty of distribution of a mixture containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). Petitioner appealed his conviction; it was affirmed by the United States Court of Appeals for the District of Columbia Circuit. United States v. Washington, 969 F.2d 1073 (D.C.Cir.1992), cert. denied, 507 U.S. 922, 113 S.Ct. 1287, 122 L.Ed.2d 679 (1993). On April 20, 1994, petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. This Court denied petitioner's motion by an Order entered on May 3, 1994. Petitioner appealed from that Order, but after filing this motion, he withdrew his appeal.
When petitioner was sentenced, he was subject to an enhanced penalty because he had several prior felony drug convictions. See 21 U.S.C. § 841(b)(1)(C) (providing for maximum penalty of 30, rather than 20, years, if a defendant had previously been convicted of a felony drug offense). Additionally, because (1) petitioner was over 18 years of age, (2) the instant offense was a felony drug offense, and (3) petitioner had at least two prior felony drug convictions, he was categorized as a "career offender" under the Sentencing Guidelines, independent of any enhancement. U.S.S.G. § 4B1.1 (1994).
U.S.S.G. § 4B1.1 instructs the sentencing judge to set the offense level for career offenders according to the table provided in § 4B1.1, and states that career offenders will in every case be considered to have a criminal history category of VI. U.S.S.G. 4B1.1. The table in § 4B1.1 designates an offense level for each "offense statutory maximum." When petitioner was sentenced in 1990, "offense statutory maximum" was defined in the commentary to § 4B1.1 as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." Id. at application note 2.
In sentencing petitioner, it was determined that the offense statutory maximum was not more than 30 years, pursuant to the statutory enhancement given under § 841(b)(1)(C). Under § 4B1.1, petitioner was therefore determined to have an offense level of 34 and a criminal history category of VI, giving a guideline range of 262-327 months. Petitioner was sentenced to 262 months, the minimum allowed under the applicable guidelines.[1] If the statutory enhancement under *1005 § 841(b)(1)(C) had not been taken into account under the Guidelines, petitioner would have faced an "offense statutory maximum" of 20 years, giving him an offense level of 32, and yielding a guideline range of 210-262 months.
Effective November 1, 1994, the United States Sentencing Commission promulgated Amendment 506 to the Sentencing Guidelines. The amendment added explicit commentary to U.S.S.G. § 4B1.1, directing sentencing judges not to consider any statutory enhancement in determining the "offense statutory maximum" for career offenders. U.S.S.G. § 4B1.1, comment. (n. 2.) (Nov. 1993). The Sentencing Commission specifically cited to such enhancements as those included in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D). Id. Petitioner, as noted, was subject to an enhancement pursuant to 21 U.S.C. § 841(b)(1)(C). The government concedes that the Commission directed that the amendment be applied retroactively.
Petitioner relies on the retroactive change in the method of determining offense levels for career offenders in seeking modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Under § 3582(c)(2), a court is given discretion to reduce a defendant's sentence when the sentencing range used was subsequently lowered by the Sentencing Commission, provided the court is satisfied that a reduction would still carry out the purposes of sentencing articulated in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(2).
The government contends that a lower sentence is unavailable in this case. The government argues that Amendment 506 is invalid, because it directly contradicts the plain language of Congress, as set forth in 28 U.S.C. § 994(h). See Stinson v. United States, 508 U.S. 36, 37, 113 S.Ct. 1913, 1914-15, 123 L.Ed.2d 598 (1993). The government further argues that lowering the offense level would thwart congressional intent to give drug offenders near-maximum sentences.

Discussion
The duties of the Sentencing Commission are set forth in 28 U.S.C. § 994. Section 994(h) provides that:
The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and [has been convicted of a felony that is either a violent crime or a specified controlled substance offense, and has at least two such prior convictions].
28 U.S.C. § 994(h) (emphasis added).
Following Congress' mandate, the Sentencing Commission implemented § 994(h) through the "career offender" guideline provision, U.S.S.G. § 4B1.1. Consistent with the statute, the guideline tracks the language of § 994(h), and deems a defendant a "career offender" if:
(1) [T]he defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
U.S.S.G. § 4B1.1. As discussed above, § 4B1.1 dictates a defendant's offense level based on the applicable "offense statutory maximum," and automatically assigns a career offender the maximum criminal history category of VI. Id.
Prior to the enactment of Amendment 506, the Sentencing Commission gave little direction with respect to the term "offense statutory maximum," defining it simply as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." U.S.S.G. § 4B1.1, comment., n. 2 (Nov.1993). This definition gave no indication as to whether the statutory enhancements based on prior criminal history should be included in the Guidelines calculation of the maximum term of imprisonment authorized. *1006 Prior to 1994, the federal circuit courts that addressed the issue interpreted "offense statutory maximum" to mean the enhanced statutory maximum. See United States v. Sanchez, 988 F.2d 1384, 1394-97 (5th Cir.), cert. denied, 510 U.S. 878, 114 S.Ct. 217, 126 L.Ed.2d 173 (1993); United States v. Smith, 984 F.2d 1084, 1086-87 (10th Cir.), cert. denied, 510 U.S. 873, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993); United States v. Saunders, 973 F.2d 1354, 1364 (7th Cir.1992), cert. denied, 506 U.S. 1070, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993); United States v. Garrett, 959 F.2d 1005, 1009-11 (D.C.Cir. 1992); United States v. Amis, 926 F.2d 328, 329-30 (3d Cir.1991); United States v. Sanchez-Lopez, 879 F.2d 541, 558-60 (9th Cir. 1989).
Amendment 506 amended application note 2 of the commentary to § 4B1.1, thereby articulating the Sentencing Commission's position on the definition of "offense statutory maximum." The amended commentary states in relevant part:
"Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of a defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D))....
U.S.S.G. § 4B1.1, comment., n. 2 (Nov.1994). The Commission gave this amendment retroactive effect. U.S.S.G. § 1B1.10(c) (Nov. 1, 1994).[2]
The question before the Court is whether Amendment 506 is acceptably consistent with 28 U.S.C. § 994(h). There currently is a split in the federal courts of appeals on this issue. Both the Tenth Circuit and the Seventh Circuit have held Amendment 506 void, as violative of the plain language of 28 U.S.C. § 994(h). United States v. Hernandez, 79 F.3d 584 (7th Cir.1996); United States v. Novey, 78 F.3d 1483 (10th Cir.1996). The First Circuit earlier had come to the opposite conclusion. United States v. LaBonte, 70 F.3d 1396 (1st Cir.1995), cert. granted, ___ U.S. ___, 116 S.Ct. 2545, 135 L.Ed.2d 1066 (1996). The District of Columbia Circuit has not yet addressed whether Amendment 506 constitutes a reasonable and valid implementation of § 994(h).
"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 37-38, 113 S.Ct. 1913, 1914, 123 L.Ed.2d 598 (1993). The courts therefore give a certain amount of deference to any amendment to the Guidelines commentary. The Commission does not, however, have the authority to override or to amend a statute. United States v. Novey, 78 F.3d at 1486 (citing Neal v. United States, ___ U.S. ___, ___, ___, 116 S.Ct. 763, 766, 768, 133 L.Ed.2d 709 (1996)).
The First Circuit was the first appellate court to consider Amendment 506. A divided panel of that court found the language of § 994(h) to be ambiguous, thereby allowing room for the position the Sentencing Commission took in adopting Amendment 506. The LaBonte majority arrived at its conclusion by analyzing § 994(h) under the familiar two-step test of Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). The Chevron two-step test asks, first, whether Congress has directly spoken to a particular issue in the text of the statute; if it has, and the meaning of the statute is clear on its face, then the inquiry is over. Chevron, 467 U.S. at 842-43, 104 S.Ct. at 2781-82. However, if Congress has not spoken directly on the issue, and the statute is either silent or ambiguous, then deference will be given to the agency's interpretation, as long as that interpretation is reasonable under the statute. *1007 Id.[3] The First Circuit in LaBonte concluded that the language of § 994(h) was ambiguous, because the phrase "maximum term authorized" could mean the enhanced statutory maximum or the unenhanced statutory maximum. The LaBonte majority therefore deferred to the Commission's interpretation of § 994(h), finding that Amendment 506 was a permissible interpretation of the statute.[4]LaBonte, 70 F.3d at 1409.
The decisions in the Tenth and Seventh Circuits closely track the arguments of the dissenting judge in LaBonte, who found "inherently implausible" the notion that the "maximum term authorized" in § 994(h) might mean the unenhanced statutory maximum, and who therefore found Amendment 506 to violate the clear mandate of § 994(h). See LaBonte, 70 F.3d at 1414 (Stahl, J., concurring in part and dissenting in part). The reasoning of the Tenth and Seventh Circuit panels focused on the fact that in light of the plain meaning and legislative history of § 994(h), the only logical interpretation of the phrase "maximum term authorized," when applied to defendants subject to special enhancement penalty provisions, is the enhanced maximum punishment. LaBonte, 70 F.3d at 1414 (Stahl, J., concurring in part and dissenting in part); Hernandez, 79 F.3d at 595; Novey, 78 F.3d at 1489-90. While slightly different paths may have been followed by each court to arrive at their conclusions, their ultimate conclusions were the same: the Sentencing Commission's commentary as amended is incompatible with 28 U.S.C. § 994(h). Hernandez, 79 F.3d at 600 (concluding that Amendment 506 is "incompatible with the mandate of § 994(h)" and therefore has no application); Novey, 78 F.3d at 1491 ("reluctan[tly]" finding Amendment 506 invalid because not within the scope of the Commission's authority, and therefore not binding); LaBonte, 70 F.3d at 1414 (Stahl, J., concurring in part and dissenting in part) ("Amendment 506 ... is inconsistent with Congress's clearly expressed intent to limit narrowly the Commission's discretion to establish sentencing ranges for career offenders").
Although this Court is not bound by the decisions of the Tenth and Seventh Circuits, it finds the reasoning of those courts to be sound and persuasive. This Court accordingly adopts their rationale and finds Amendment 506 to the Guidelines to be inconsistent with the mandate of 28 U.S.C. § 994(h). This decision is also consistent with the recent opinion in United States v. Thompson, 917 F.Supp. 22 (D.D.C.1996), in which Judge Lamberth likewise found Amendment 506 to be inconsistent with § 994(h) and accordingly invalid.
The Tenth Circuit reached its conclusion with some expressed reluctance. "The Commission's attempt to ameliorate the severity of the guidelines' treatment of recidivist drug offenders ... is consistent with a widespread belief among judges that the guidelines system may be excessively draconian, and unreasonably deprives judges of the discretion to consider mitigating circumstances." Novey, 78 F.3d at 1491. However, it is Congress, not the courts or the Commission, which has the authority and the responsibility to revise its statutes.
In addition, even if Amendment 506 were found to be within the scope of the Commission's authority, it should not be expected that the Court would exercise its discretion to alter petitioner's sentence. Petitioner, now with four drug distribution convictions, was sentenced to 262 months in prison, the bottom of the Guideline range for his offense level and criminal history category. An application of Amendment 506 to this case would result in a guideline range of 210-262 *1008 months. The Court has discretion under 18 U.S.C. § 3582(c)(2) to refuse to reduce the terms of imprisonment, and the Court would expect to exercise such discretion in this case.
Accordingly, for all of the above reasons, petitioner's motion pursuant to 18 U.S.C. § 3583(c) is denied. An appropriate Order accompanies this Opinion.

ORDER
In accordance with the accompanying Opinion, it hereby is ORDERED, that petitioner's motion for a reduction of his sentence under 18 U.S.C. § 3583(c) is denied.
SO ORDERED.
NOTES
[1] When petitioner was sentenced, the guidelines were relatively new, and the undersigned erroneously thought that page 4 of the written sentencing judgment went only to the Sentencing Commission. So thinking, the undersigned in explaining why he sentenced at the bottom of the guideline range (as is required) hand-wrote: "Another low-level recidivist for whom the minimum is more than adequate." That was intended to be for consideration by the Sentencing Commission, not to convey that the undersigned had any doubt as to the requirements of law.
[2] The Sentencing Commission's asserted rationale was to "avoid unwarranted double counting as well as unwarranted disparity associated with the variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions." U.S.S.G. Amendment 506 (Appendix), p. 408.
[3] There has been some debate as to whether a court reviewing commentary to the Guidelines for consistency with the relevant implementing statute should review the commentary pursuant to Stinson, or pursuant to Chevron. See LaBonte, 70 F.3d at 1404 and n. 6 (applying Chevron standard); Novey, 78 F.3d at 1486 n. 2. The Court agrees with the Novey court that, under either standard, Amendment 506 conflicts with § 994(h).
[4] The Court in LaBonte identified two "conundrums" as the source of ambiguity in the statute. The first was the meaning of the term "maximum" within the context of the statute's reference to "categories" of defendants. LaBonte, 70 F.3d at 1404-05. The second was how close to the maximum the words "at or near" require a sentence to be. Id. at 1410.