**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARLOS JACKSON,

     Defendant - Appellant.

No. 19-3084
(D.C. No. 2:05-CR-20018-CM-1)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Carlos Jackson, a prisoner in federal custody proceeding pro se,[1] appeals from the district court's dismissal of his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Jackson is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.     BACKGROUND

In March 2013, Mr. Jackson pleaded guilty to one count of conspiracy to manufacture, to possess with the intent to distribute, and to distribute 280 grams or more of a mixture containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count One"), and one count of unlawful use of a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c) ("Count Two").

Mr. Jackson's Presentence Investigation Report ("PSR") calculated a total offense level of 31 for Count One, resulting in a Guidelines range of 135–168 months' imprisonment for this charge. The PSR also noted that Count One triggered a statutory mandatory minimum of 120 months' imprisonment. The district court sentenced Mr. Jackson to consecutive terms of 120 months' imprisonment for Count One and 60 months' imprisonment for Count Two—the statutory mandatory minimum sentences for both crimes.

In November 2014, the Sentencing Commission enacted Amendment 782, a retroactive amendment to the Sentencing Guidelines that "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quotation marks omitted). As the Government concedes, Amendment 782 lowers Mr. Jackson's base offense level from 30 to 28, thus decreasing his Guidelines range for Count One from 135–168 months to 108–135 months.

On August 27, 2018, Mr. Jackson filed a motion with the district court under 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence for Count One. The district court denied Mr. Jackson's motion for sentence reduction, reasoning that "although Amendment 782 has lowered the guidelines range for [Mr. Jackson's] sentence, [he] is not authorized for a reduction because the court cannot reduce his sentence below the mandatory minimum sentence of 120 months." Mr. Jackson timely appealed.

## II.    DISCUSSION

### A.  *Standard of Review*

"We review the scope of a district court's authority in sentence reduction under 18 U.S.C. § 3582(c)(2) de novo." *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017).

### B.  *Analysis*

"Absent the operation of one of a few narrowly-defined statutory exceptions, . . . [f]ederal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." *United States v. White*, 765 F.3d 1240, 1244–45 (10th Cir. 2014) (alteration in original) (internal quotation marks omitted). The relevant statutory exception here, 18 U.S.C. § 3582(c)(2), "permit[s] defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of the statute are met." *Freeman v. United States*, 564 U.S. 522, 526 (2011). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). One such policy statement—the commentary accompanying U.S.S.G. § 1B1.10—limits the ability to obtain a reduced sentence based on a retroactively lowered sentencing range:

> [A] reduction in [a] defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10 cmt. n.1(A). Thus, we have consistently held that a retroactive amendment by the Sentencing Commission does not effectively "amend [a] statute requiring [a] mandatory minimum sentence." *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (collecting cases); *see also United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996) ("[T]he Sentencing Commission does not have the authority to override or amend a statute.").

In Mr. Jackson's case, Amendment 782 has indeed decreased his base offense level under § 2D1.1 from 30 to 28, thus lowering his sentencing range for Count One. However, Mr. Jackson's Count One conspiracy conviction implicates not only this Guidelines sentencing range, but also a statutory mandatory minimum sentence of 120 months. *See* 21 U.S.C. § 841(b)(1)(A); *see also* U.S.S.G. § 5G1.1(c)(2) ("[A]

4

sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."). Because Mr. Jackson has been sentenced to 120 months' imprisonment on Count One and his sentence cannot be reduced below that statutory mandatory minimum, Amendment 782 affords him no relief.[2]

### III. CONCLUSION

We AFFIRM the district court.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[2] Mr. Jackson also argues for the first time on appeal that we should "remand for an individually tailored determination of whether resentencing is warranted in this case, based on the district court never considering [Mr.] Jackson's [Guidelines] range as part of the overall sentencing framework." Aplt. Op. Br. at 10 (quotation marks omitted). To the extent Mr. Jackson is attempting to collaterally attack his sentence by arguing the district court improperly calculated it, a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) is not the proper vehicle for this argument. Moreover, even assuming Mr. Jackson is correct that the district court failed to consider his Guidelines range, he still cannot avoid the fact that the federal courts are powerless to decrease his sentence below the statutory mandatory minimum.