902 F.2d 1580
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Bryan JABLONSKI, Defendant-Appellant.
 No. 89-50398.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1990.
Decided May 10, 1990.
 Before GOODWIN, Chief Judge, and TANG and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark B. Jablonski ("Jablonski") appeals the district court's decision to revoke his probation. We affirm.
 
 DISCUSSION
 1. Denial of Continuance
 
 3
 Jablonski asserts that the district court abused its discretion when it refused to grant his continuance to litigate the underlying state charge. Jablonski also contends that the lack of a continuance violated his due process rights.
 
 
 4
 (i) Was the denial of a continuance an abuse of discretion?
 
 
 5
 We conclude that the district court did not abuse its discretion in denying the continuance for three reasons. First, Jablonski was not diligent in resolving the Michigan state case. Second, Jablonski's desire to litigate his larceny charge in Michigan prior to the probation revocation hearing is not a legitimate reason for a continuance. See United States v. Babich, 785 F.2d 415, 416-418 (3rd Cir.), cert. denied, 479 U.S. 833 (1986). Third, another continuance would have inconvenienced the government because it had made arrangements in anticipation of the revocation hearing on April 21.
 
 
 6
 (ii) Did the denial of a continuance violate due process?
 
 
 7
 Because, as discussed, the district court did not abuse its discretion when it denied the continuance, we conclude there was no due process violation.
 
 2. Admission of the No Contest Plea
 
 8
 Jablonski contends that he did not receive a fair hearing because the district court was aware that he pleaded no contest to the charges in Michigan. Jablonski also argues that the admission and consideration of the no contest plea was improper because Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410(4) prohibit the admission of evidence of a no contest plea.
 
 
 9
 (i) Did knowledge of the no contest plea bias the court?
 
 
 10
 We refuse to review this issue because Jablonski failed to raise it below. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987).[1]
 
 
 11
 (ii) Did the district court violate Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410?
 
 
 12
 a. Federal Rule of Evidence 410
 
 
 13
 Except for the rules of privilege, the Federal Rules of Evidence do not apply to a probation revocation hearing. See Fed.R.Evid. 1101(d)(3); see also United States v. Verbeke, 853 F.2d 537, 539 (7th Cir.1988). Thus, we conclude that Rule 410--which renders pleas, plea discussions and related statements inadmissible in many other contexts--does not apply because it is not a privilege.
 
 
 14
 b. Federal Rule of Criminal Procedure 11(e)(6)
 
 
 15
 We conclude that Rule 11(e)(6) does not apply for three reasons. First, Rule 11(e)(6) does not apply because it governs only pleas entered in federal criminal proceedings. See United States v. Guadarrama, 742 F.2d 487, 489 n. 1 (9th Cir.1984). Second, although in the context of a Rule 11(c) case, this circuit has held that Rule 11 does not apply in probation revocation proceedings. See United States v. Segal, 549 F.2d 1293, 1296-1301 (9th Cir.), cert. denied, 431 U.S. 919 (1977). Third, because Rule 410 does not apply in probation revocation hearings, it makes little sense to conclude that Rule 11(e)(6), which was modeled on Rule 410, should apply to such hearings.
 
 3. Production of Videotape
 
 16
 Jablonski contends that the government failed to exercise due diligence in producing the Sears security videotape at the probation revocation hearing. Jablonski also argues that this tape could have been exculpatory.
 
 
 17
 We reject both of Jablonski's claims. There is no evidence that the government failed to act diligently in attempting to secure the tape. Indeed, the Assistant United States Attorney in charge of this case asked Sears to search for the tape. Similarly, there is no showing that the tape was exculpatory. Jablonski's Michigan attorney merely stated he viewed the tape. Kunnert, who viewed the monitors at the time of the incident, observed Jablonski acting suspiciously. Because the monitors that Kunnert watched contained the same information as any tape that was made, her testimony that Jablonski acted suspiciously weighs heavily against concluding that the tape contained exculpatory information.
 
 
 18
 Lastly, when, as here, a defendant asserts that the government lost evidence which may have proved exculpatory, the defendant must show that the government acted in bad faith in order to prevail on a due process claim. See Arizona v. Youngblood, 488 U.S. 51, ----, 109 S.Ct. 333, 337 (1988). There is no evidence that the government acted in bad faith. In fact, Jablonski presented no showing that the government ever had the tape. If a tape ever existed, the record indicates that Sears had possession of it.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if we were to address Jablonski's bias claim, we would reject this claim as meritless for two reasons. First, there is no showing that the district court's awareness of his no contest plea did in fact bias the district court. Second, the district court become aware of the no contest plea as the result of its participation in the case. Thus, Jablonski's claim does not rest on a recognized source of prejudice. See, e.g., United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (in a recusal case, the alleged prejudice must result from an extrajudicial source)