**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David SMITH a/k/a Howard Beard,**
**Defendant–Appellant.**

No. 91–2281.

United States Court of Appeals,
Tenth Circuit.

Jan. 21, 1993.

Rehearing Denied March 31, 1993.

Susan L. Foreman, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her, on the brief), Denver, CO, for defendant-appellant.

Tara C. Neda, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., with her, on the brief), Albuquerque, NM, for plaintiff-appellee.

Before BALDOCK, SETH, and KELLY, Circuit Judges.[*]

PAUL KELLY, Jr., Circuit Judge.

On February 7, 1991, officers executed a search warrant for the residence of Robert Brown. A methamphetamine laboratory was discovered and Defendant-appellant Howard Beard, who was an overnight guest, was arrested. A more extensive explanation of the facts is contained in *United States v. Brown*, 984 F.2d 1074 (10th Cir.1993).

Mr. Beard was tried along with codefendants Robert Brown and Michael Hugaboom and was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Mr. Beard appeals, arguing that the trial court (1) erred by failing to grant his request for production of notes taken during a witness interview, (2) erred by allowing a coconspirator to testify regarding her conviction on the conspiracy charged against Defendant, (3) misapplied the Sentencing Guidelines for career offenders, and (4) lacked jurisdiction to enhance Defendant's

sentence based on prior state convictions. Finally, Mr. Beard adopts by reference all arguments relating to the sufficiency of the search warrants made by his codefendant in *United States v. Brown*, 984 F.2d 1074.

### Discussion

### I. Sufficiency of the Warrant

We have set forth the facts relating to the search of the premises and seizure of property which led to Mr. Beard's conviction in *Brown*. For the reasons stated in that opinion, challenges to the warrants fail.

### II. Production of Jencks Act Materials

The Jencks Act (18 U.S.C. § 3500) directs a trial court to order the government to produce, upon defense motion, any statement of a witness after direct examination. *See also* Fed.R.Crim.P. 16(a) and 26.2. A "statement" may be either a "written statement made by said witness and signed or otherwise adopted or approved by him" or some "recording ... which is substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement." 18 U.S.C. §§ 3500(e)(1) and (2); Fed.R.Crim.P. 26.2(f)(1) and (2).

Alleged coconspirator Lori Watson testified during the government's case-in-chief. During her cross-examination, she testified that she was interviewed by the prosecutor and by a government agent. Defense counsel moved for production of the notes:

MR. PLOTSKY: Your Honor, I'd ask that those notes be produced.

THE COURT: What notes are these again?

MR. PLOTSKY: The notes that Agent Brown took at the debriefing of this witness.

THE COURT: They're not provided under Rule 16. That's all you're entitled to, Mr. Plotsky.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

MR. PLOTSKY: There may be impeachment evidence in there, Your Honor.

THE COURT: Well, you haven't established a basis that there's anything to impeach with.

VII R. 173–74. Again, after the testimony of this witness was concluded, counsel renewed the request for the notes "in view of the fact that Ms. Watson was here to testify." VII R. 184. The court denied the request again. VII R. 184–85. Mr. Beard argues that the district court was obligated to at least conduct an *in camera* review of the notes.

■ The government contends that the defense failed to alert the district court to the grounds that might have warranted production. We agree that " '[n]o ritual of words' is required, but the defendant must plainly tender to the Court the question of the producibility of the document at a time when it is possible for the Court to order it produced, or to make an appropriate inquiry." *Ogden v. United States*, 303 F.2d 724, 733 (9th Cir.1962), *cert. denied*, 376 U.S. 973, 84 S.Ct. 1137, 12 L.Ed.2d 86 (1964). We believe that the "defendant 'fairly' direct[ed] the attention of the district court" to this issue "with a demand sufficiently precise to identify the statements requested." *United States v. Wallace*, 848 F.2d 1464, 1471 (9th Cir.1988), *aff'd*, 902 F.2d 1580 (1990). *See also United States v. Pierce*, 893 F.2d 669, 675 (5th Cir.1990).

■ Interview notes could be "statements" under the Act if they are substantially verbatim. *United States v. Allen*, 798 F.2d 985, 996–97 (7th Cir.1986); *Ogden*, 303 F.2d at 734–35. In *Ogden*, the government argued that the defendant had failed to show that the notes actually constituted a statement within the meaning of the Jencks Act. That court pointed to the defect in that approach:

[T]o agree with the government's argument that the defendant must show, as a necessary foundation for a motion that the Court hear extrinsic evidence, that a "statement" producible under the Act is in fact in existence at the time of trial would be to hold that a hearing could not be had except on proof which, if available, would make the hearing unnecessary.

*Ogden*, 303 F.2d at 737.

■ As Mr. Beard made a prima facie showing that a statement of the witness existed which may have been producible under the Jencks Act, it was error for the court to deny his demand without a hearing or *in camera* review of the statement. *Ogden*, 303 F.2d at 737. We will remand to the district court to determine whether this statement should have been produced under the Jencks Act. If so, the court is ordered to further determine whether or not the failure to do so was harmless. *See Wallace*, 848 F.2d at 1471; *see also United States v. Rivera*, 900 F.2d 1462, 1469–71 (10th Cir.1990) (en banc).

### III. Career Offender Enhancement

■ Section 4B1.1 of the Sentencing Guidelines defines a career offender as one who was eighteen when the offense was committed and had been convicted of two prior felonies of either a crime of violence or involved a controlled substance offense. U.S.S.G. § 4B1.1. Additionally, if the instant offense was a crime of violence or involved a controlled substance, the offender's criminal history category "in every case shall be Category VI." *Id.* The statutory maximum sentence is then used to determine the offense level. Given defendant's two prior state convictions, 21 U.S.C. § 841(b)(1)(C) authorizes a thirty year sentence, which is assigned an offense level of 34. *Id.* Mr. Beard argues that both his criminal history category and offense level were impermissibly enhanced by the same two convictions.

Initially, we would direct Mr. Beard to our recent discussion in *United States v. Alessandroni*, 982 F.2d 419 (10th Cir.1992). In that case, an important distinction was made between the Sentencing Guideline's use of status as opposed to conduct. Similarly, the actions which lead to Mr. Beard's state convictions are not the same acts for which he is now being prosecuted. Rather, those two convictions establish his status,

under the definition of the Guidelines, as a career offender.

We also find the discussion in *United States v. Sanchez–Lopez*, 879 F.2d 541, 558–59 (9th Cir.1989) instructive. The Sentencing Guidelines merely implement Congress' intent that career offenders should receive a sentence that is at or near the statutory maximum. U.S.S.G. § 4B1.1 comment., *Sanchez–Lopez*, 879 F.2d at 559. *See also United States v. Garrett*, 959 F.2d 1005, 1010 (D.C.Cir.1992). The district court properly calculated defendant's sentencing range pursuant to the Sentencing Guidelines.

IV. Service of Enhancement Information

■ In order to enhance a defendant's sentence for prior convictions, the government must file an information with the court and serve a copy on the defendant or his counsel stating the previous convictions to be relied upon. 21 U.S.C. § 851(a)(1). If the government failed to comply, the court is without authority to enhance a defendant's sentence. *United States v. Novey*, 922 F.2d 624, 627 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2861, 115 L.Ed.2d 1028 (1991). Mr. Beard claims that the record before us fails to establish that either he or his attorney were served with a copy of the information.

The government filed a motion in this court to supplement the record and attached a "Declaration Pertaining to Appellant's Point IV." In that affidavit, the Assistant United States Attorney declares that the trial counsel for defendant informed her that he was served with the enhancement information prior to trial but refused to file an affidavit to that effect. We decline to grant this motion, as the record cannot be extended to this affidavit under the confines of Fed.R.App.P. 10(a).

While the district court noted at sentencing that the enhancement information was filed with the court on July 25, 1991, there is no record of service of the information on the defendant. Therefore, we shall remand to the district court to conduct a hearing on this issue.

The case is REMANDED for consideration of issues II and IV as discussed above.

SETH, Circuit Judge, dissenting:

I cannot agree with the majority opinion in this appeal. Thus, as discussed in my dissent in *United States v. Brown*, 984 F.2d 1074 (10th Cir.), the warrants were impermissibly overbroad in contravention of the Fourth Amendment. I accordingly would suppress the evidence and reverse the conviction.