39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard BEARD, also known as David Smith, Defendant-Appellant.
 No. 94-2045.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This case is before us for the second time, this time on a direct appeal of the district court's decision on remand. Defendant-Appellant Howard Beard, a/k/a David Smith ("Beard"), was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. 846, 841(a)(1), and 841(b)(1)(C). Beard appealed his initial conviction and sentencing, and we remanded to the district court for consideration of two specific issues: (1) whether a statement allegedly made by witness Lisa Watson to Government Agent David Brown ("Agent Brown") and recorded in Agent Brown's notes should have been produced by the government under the Jencks Act, and (2) whether the government effectively served Beard with an information providing timely notice of its intent to rely on Beard's prior convictions to enhance his sentence. United States v. Smith, 984 F.2d 1084, 1086-87 (10th Cir.), cert. denied sub nom. Brown v. United States, 114 S.Ct. 204 (1993).[2]
 
 
 3
 The district court held an evidentiary hearing on the two remanded issues and determined that (1) Agent Brown never made any notes of an interview with Lisa Watson, subject to the Jencks Act or otherwise, and (2) Beard's counsel, David Plotsky ("Plotsky"), received pretrial service of the government's enhancement information. Beard appeals the district court's determination of these remanded issues, as well as its refusal to resentence Beard on remand and its original application of the sentencing guidelines. For the reasons discussed below, we AFFIRM the findings of the district court.
 
 POTENTIAL JENCKS ACT VIOLATION
 
 4
 In Smith, this court held that Beard had "made a prima facie showing that a statement of the witness existed which may have been producible under the Jencks Act." 984 F.2d at 1086. We then remanded for the district court to determine whether there was in fact a statement subject to production. Id. The district court might have reached any of three possible findings: (1) there was a statement and it should have been produced, (2) there was a statement, but it was not subject to production, or (3) there was no statement at all to produce.[3] The district court found that Agent Brown made no notes which would be subject to the Jencks Act because he never made any notes (i.e. produced no statement) of anything said by Lisa Watson. Thus, there was no statement to produce.
 
 
 5
 Because the district court resolved this issue by factually finding that no statement existed, we review its decision under a clearly erroneous standard. Cf. United States v. Lloyd, 13 F.3d 1450, 1453 (10th Cir.1994) (factual determinations relating to motion to suppress reviewable under clearly erroneous standard); United States v. Roberts, 14 F.3d 502, 514 (10th Cir.1993) (factual determinations relating to coconspirator exception to hearsay reviewable under clearly erroneous standard). The district court's finding was supported by the testimony of Agent Brown, R.O.A. Vol. III at 8-12, as well as that of Assistant United States Attorney Tara Neda, id. at 25-29. We cannot say that this finding of fact by the district court was clearly erroneous and, therefore, affirm the district court's finding that there was no statement subject to production.
 
 NOTICE OF ENHANCEMENT INFORMATION
 
 6
 We also asked the district court to determine whether the government had provided Beard with notice of the government's sentence enhancement information sufficient to comply with 21 U.S.C. 851(a)(1). On remand, Assistant United States Attorney Neda testified that she had personally handed the enhancement information to Beard's trial counsel, Plotsky, immediately before trial. R.O.A. Vol. III at 14-15. Plotsky testified that he remembered receiving the information, but could not remember when he had received it, or whether he had received it personally or by mail. Id. at 37-38. Plotsky also indicated that he currently had a copy of the information in his files relating to Beard. Id. at 38-39. Lastly, Assistant United States Attorney Neda testified as to statements by Assistant Federal Defender Susan Foreman ("Foreman") that she had failed to return the enhancement information documents to Plotsky, but had them in her possession. Id. at 22-24.
 
 
 7
 Beard contends that the district court committed reversible error by (1) ruling that evidence of the United States Attorney's belief as to who was serving enhancement informations was irrelevant, (2) restricting cross examination, and (3) admitting the hearsay statements of Foreman. We find the first two evidentiary rulings firmly within the district court's discretion and Beard's arguments to the contrary without merit. However, the third ruling, that Foreman's statements were admissible under the residual hearsay exception, Fed.R.Evid. 803(24),[4] presents a more difficult issue.
 
 
 8
 We review the district court's evidentiary rulings under an abuse of discretion standard. United States v. McIntyre, 997 F.2d 687, 698 (10th Cir.1993), cert. denied, 114 S.Ct. 736 (1994). Under this standard, we will not disturb the district court's ruling unless we have "a definite and firm conviction" that the judge has "made a clear error of judgment or has exceeded the bounds of permissible choice under the circumstances." United States v. Talamante, 981 F.2d 1153, 1155 (10th Cir.1992), cert. denied, 113 S.Ct. 1876 (1993).
 
 
 9
 Federal Rule of Evidence 803(24) requires that the proponent of the hearsay evidence "make[ ] known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it." There is no indication in either the Record or Appellee's Brief of such notice. Admitting hearsay evidence under this exception without notice to the adverse party exceeds the bounds of permissible choice under the circumstances. We, therefore, find that the district court abused its discretion by admitting these statements under Fed.R.Evid. 803(24) without proper notice as required by the rule.
 
 
 10
 However, this error had no effect on the district court's factual determination as to whether Beard received proper notice of the government's sentencing enhancement information. The hearsay statements established only that Foreman had found the information documents, thus implying that they had been delivered at some earlier time to Beard's counsel, Plotsky. The court could have reached this same factual conclusion, that the information was delivered to Plotsky, based on Plotsky's own admissible testimony. While Plotsky was unsure of when and how he received the information, he was consistent in his statements that he had received it. Thus, the district court's abuse of discretion in admitting Foreman's statements was harmless error.
 
 
 11
 Beard next contends that the district court's factual finding that the enhancement information had been served was error. We review a factual determination of the district court for purposes of sentencing under a clearly erroneous standard. United States v. Dahlman, 13 F.3d 1391, 1398 (10th Cir.1993) cert. denied, 114 S.Ct. 1575 (1994). Based on the testimony by Assistant United States Attorney Neda and Plotsky, we believe that there was ample basis for the district court's finding. We, therefore, affirm the district court's finding that the enhancement information was properly served on Beard through his counsel, Plotsky.
 
 SENTENCING ISSUES
 
 12
 Beard requested that the district court resentence him after its determination of the notice issue on remand. The court refused this request as beyond the scope of the remand order. We agree. The district court's task on remand was defined very narrowly, and there is no indication that the court was to resentence Beard unless it found a Jencks Act violation or a failure of the government to provide notice of its enhancement information. Inasmuch as the district court found no violation of Beard's rights on either remanded issue, Beard had no right to be resentenced. His original sentence was still valid.
 
 
 13
 Beard also attempts to raise the validity of his original sentencing enhancement. This issue is clearly beyond the scope of our original remand and not properly before us on this second appeal. We, therefore, decline to address the issue.
 
 CONCLUSION
 
 14
 In summary, we find no reversible error in either of the district court's findings on remand. Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In Beard's first appeal of his initial conviction and sentencing, he is referred to as David SMITH a/k/a Howard Beard
 
 
 [3]
 Beard argues that we made a judicial finding in Smith that there was in fact a statement, and that the doctrine of the law of the case precludes the district court from finding otherwise. We disagree. In Smith, this court held only that Beard had made a prima facie showing that such a statement existed--a showing which was subject to rebuttal by the government. See Smith, 984 F.2d at 1084
 
 
 [4]
 The district court judge actually "rule[d] under 803 Sub 25[sic] that this communication does meet the standards of trustworthiness required by the hearsay rule." R.O.A. Vol. III at 23. However, I assume, as did the parties in their briefs, that the judge was referring to Fed.R.Evid. 803(24)