**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HOWARD BEARD,

Defendant-Appellant.

No. 96-2143
(D.C. No. CIV-95-396-JP)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Defendant Howard Beard, a/k/a David Smith, appeals the denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

Defendant was convicted in 1991 of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). Because of his prior felony drug convictions, defendant was sentenced as a career offender to 262 months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment. Defendant appealed his conviction and sentence, arguing

> the trial court (1) erred by failing to grant his request for production of notes taken during a witness interview, (2) erred by allowing a coconspirator to testify regarding her conviction on the conspiracy charged against Defendant, (3) misapplied the Sentencing Guidelines for career offenders, and (4) lacked jurisdiction to enhance Defendant's sentence based on prior state convictions.

United States v. Smith, 984 F.2d 1084, 1085 (10th Cir.), cert. denied 510 U.S. 873

(1993). We remanded the case to the district court for consideration of issues (1) and (4).

The district court held an evidentiary hearing on the two remanded issues, found no merit

to either issue, and refused to resentence defendant. Defendant filed a second appeal

challenging the district court's determination of the two remanded issues, as well as its

refusal to resentence him on remand, and we affirmed the district court. United States v.

Beard, 39 F.3d 1193 (10th Cir. 1994) (table), cert. denied 115 S. Ct. 1417 (1995).

On May 19, 1995, defendant filed his motion for reduction of sentence, asserting

he was entitled to resentencing in accordance with recent amendments to the career

offender provisions. Specifically, defendant cited Amendment 506, which was enacted

by the Sentencing Commission on November 1, 1994, and which modified the application

note defining "Offense Statutory Maximum" for purposes of U.S.S.G. § 4B1.1 (career

offender section)[1]. Defendant raised two additional issues in his motion: (1) he was

entitled to various transcripts and records regarding his criminal proceeding; and (2) the

amount of methamphetamine used by the district court in computing his sentence was

erroneous. On March 21, 1996, a magistrate judge concluded no reduction in sentence

---

[1] As amended, application note 2 to § 4B1.1 provides that the offense statutory maximum "refers to the maximum term of imprisonment authorized . . ., *not including* any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record." (Emphasis added.)

was warranted, noting reductions of sentence pursuant to 18 U.S.C. § 3582 were discretionary. The magistrate noted defendant had a long criminal history and was facing state criminal charges at the time the presentence report was filed in his federal criminal case. The magistrate further noted defendant's original sentence contained no adjustments for his role in the offense or acceptance of responsibility. The magistrate found no error in the amount of methamphetamine used to calculate defendant's sentence. The magistrate denied defendant's request for transcripts and records pertaining to his criminal trial, concluding a sufficient record existed to rule on the motion. The district court adopted the magistrate's findings and recommendations on June 17, 1996.

We review the district court's denial of defendant's § 3582(c)(2) motion for abuse of discretion. United States v. Telman, 28 F.3d 94, 96-97 (10th Cir. 1994). While defendant's motion was pending in the district court, we issued our opinion in United States v. Novey, 78 F.3d 1483 (10th Cir. 1996), holding Amendment 506 was inconsistent with the clear directive of 28 U.S.C. § 994(h) which mandates that sentences for career offenders be set "at or near the maximum term authorized," and was "therefore invalid as beyond the scope of the Commission's authority delegated to it by Congress." Id. at 1487. Consistent with Novey, we conclude the district court correctly refused to reduce defendant's sentence pursuant to Amendment 506.[2] Defendant's remaining arguments on appeal--that he was improperly categorized as a career offender and that the

---

[2] Even if we were to ignore Novey, we find no abuse of discretion on the part of the district court in refusing to reduce defendant's sentence. In particular, the court carefully followed the mandate of 18 U.S.C. § 3582(c) and reviewed the factors set forth in 18 U.S.C. § 3553. Further, the court made specific findings why a reduction of sentence was unwarranted. See United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir.), cert. denied 117 S. Ct. 446 (1996).

district court incorrectly calculated the amount of methamphetamine involved--do not provide a basis for reducing defendant's sentence pursuant to § 3582(c)(2). <u>See</u> <u>United States v. Trujeque</u>, 100 F.3d 869, 870-71 (10th Cir. 1996) (because a § 3582(c)(2) motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely upon the wording of the statute).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge