UNITED STATES of America,
Plaintiff,

v.

Herbert A. DANIELS, Defendant.

Criminal Action No. 01–40002–01–KHV.

United States District Court,
D. Kansas.

Nov. 19, 2001.

Richard L. Hathaway, Tanya J. Treadway, Office of United States Attorney, Topeka, KS, for plaintiff.

Scott K. Logan, Fred J. Logan, Jr., M. Bradley Watson, Logan & Logan, L.C., Prairie Village, KS, Jeff K. Brown, Logan & Logan, LC, Prairie Village, KS, Thomas J. Bath, Jr., Bath & Edmonds P.A., Overland Park, KS, Jeffrey D. Morris, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Stueve, LLP, Prairie Village, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

The United States has charged defendant with numerous counts of health care fraud, mail fraud and perjury. This matter is before the Court on Herbert Daniels' Motion For Production (Doc. # 128) filed October 4, 2001. For reasons set forth below, the Court sustains defendant's motion in part.

### Factual Background

. From September 26 through October 3, Dr. Jacquelyne Holdcraft testified as a government witness. Dr. Holdcraft testified that during an interview with government counsel and agents, she "dictated" her thoughts on various patients and that government counsel and agents "took down what [she] said to them." Excerpt Transcript Of Jury Trial (Doc. # 129) filed October 4, 2001. Dr. Holdcraft also testified that "a lot of those [statements] were reread, and we exchanged back and forth about, you know, what was correct." Id. at 3–4. At a subsequent hearing outside the presence of the jury, Dr. Holdcraft testified that she never saw what government counsel typed, that she never was asked to review a written statement, and that she never adopted the notes of government counsel as her own statement. Defendant argues that the government's notes of Dr. Holdcraft's statement should be produced under the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2, Fed. R.Crim.P.

### Legal Standards

Under the Jencks Act and Rule 26.2, Fed.R.Crim.P., the government must produce notes of a witness statement taken by a government agent or counsel if either (1) the witness "adopted or ap-

proved" the agent's notes as his own statement, see 18 U.S.C. § 3500(e)(1) (government must produce "a written statement made by said witness and signed or otherwise adopted or approved by him"); Fed. R.Crim.P. 26.2(f)(1); or (2) the notes were a substantially verbatim recital of the oral statement of a witness, even if the interview was not automatically recorded, see 18 U.S.C. § 3500(e)(2) (government must produce "recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement"); Fed.R.Crim.P. 26.2(f)(2). *See United States v. Scotti*, 47 F.3d 1237, 1249 (2d Cir.1995). When it is doubtful whether the notes are subject to discovery, the government should submit them for an *in camera* assessment; the court may in its discretion consider extrinsic evidence in deciding whether the notes qualify as a witness statement. *Id.* at 1249–50.

## I. Witness "Adopted Or.App.roved" Notes

 Government notes or reports of a witness interview must be produced if (1) the witness reads them in their entirety or has them read back to him and (2) the witness formally and unambiguously approves them, either orally or in writing, as accurate. *See United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir.1994); see also *United States v. Loyd*, 743 F.2d 1555, 1566 (11th Cir.1984) (witness may verbally adopt statement). "Cases construing a witness's adoption of an agent's report clearly contemplate an interchange between witness and agent in which the witness either signs or more formally approves the statement." *United States v. Newman*, 849 F.2d 156, 160 (5th Cir.1988) (citations omitted). In other words, the witness must be "fully apprised of the contents of the agent's report" and then adopt or approve it. *Id.* A witness "may

adopt or ratify an interview report in a piecemeal manner by response to a number of inquiries as effectually as by a single generalized response." *United States v. Scaglione*, 446 F.2d 182, 184 (5th Cir.1971). The Supreme Court has noted:

> Every witness interview will, of course, involve conversation between the lawyer and the witness, and the lawyer will necessarily inquire of the witness to be certain that he has correctly understood what the witness has said. Such discussions of the general substance of what the witness has said do not constitute adoption or approval of the lawyer's notes within § 3500(e)(1), which is satisfied only when the witness has "signed or otherwise adopted or approved" what the lawyer has written. This requirement clearly is not met when the lawyer does not read back, or the witness does not read, what the lawyer has written.

*Goldberg v. United States*, 425 U.S. 94, 110 n. 19, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976).

## II. Substantially Verbatim Recital Of Witness Statement

 Interview notes can be "statements" under the Jencks Act if they are "substantially verbatim." *United States v. Smith*, 984 F.2d 1084, 1086 (10th Cir.) (citations omitted), cert. denied, 510 U.S. 873, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993). Even if not an exact recording, notes are considered a substantially verbatim recital if they can "fairly be deemed to reflect fully and without distortion what had been said to the government agent." *Palermo v. United States*, 360 U.S. 343, 352, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); cf. *United States v. Swindler*, 476 F.2d 167, 170 (10th Cir.) (government not required to produce agent's "informal" description of witness testimony, "while it might have been better policy for the United States Attorney to furnish these"), cert. denied, 414 U.S. 837, 94 S.Ct. 183, 38 L.Ed.2d 72

(1973). A number of factors are relevant to the question whether the government's notes of a witness statement are substantially verbatim including (1) the extent to which they conform to the language of the witness, (2) the length of the notes in comparison to the length of the interview, and (3) the lapse of time between the interview and the note-making. *See United States v. McKeever*, 271 F.2d 669, 674–75 (2d Cir.1959). "[S]ummaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent, are not to be produced." *Palermo*, 360 U.S. at 352–53, 79 S.Ct. 1217; see *id.* at 352, 79 S.Ct. 1217 (government not required to disclose report "which merely selects portions, albeit accurately, from a lengthy oral recital").

**Analysis**

█ Defendant argues that the government's notes of Dr. Holdcraft's statement should be produced because she adopted or approved it. Dr. Holdcraft's testimony is sufficient to raise the possibility that she adopted or approved the government's notes or that the notes were a substantially verbatim recital of her statement. Accordingly, on or before **October 23, 2001,** the government shall produce *under seal* all notes of government counsel or agents of the interview with Dr. Holdcraft. See Smith, 984 F.2d at 1086 (10th Cir.) (because defendant made a prima facie showing that witness statement may fall within Jencks Act, district court erred by denying defendant's motion without a hearing or *in camera* review of statement). On or before **October 23, 2001,** the government may also file an affidavit concerning the manner in which the notes were prepared.

█ The government has argued in part that any notes of the interview with Dr. Holdcraft are protected under the work product doctrine. The work product doctrine cannot be used to avoid production of Jencks Act material. In Goldberg, the Supreme Court held that "a writing prepared by a Government lawyer relating to the subject matter of the testimony of a Government witness that has been 'signed or otherwise adopted or approved' by the Government witness is producible under the Jencks Act, and is not rendered nonproducible because a Government lawyer interviews the witness and writes the 'statement.'" 425 U.S. at 98, 96 S.Ct. 1338; see *id.* at 101–02, 96 S.Ct. 1338 (nothing in the Jencks Act or its legislative history "excepts from production otherwise producible statements on the ground that they constitute 'work product' of Government lawyers"). To the extent that work product material is contained in the notes, the Court may excise such material from the witness "statement." See 18 U.S.C. § 3500(c).

**IT IS THEREFORE ORDERED** that Herbert Daniels' Motion For Production (Doc. # 128) filed October 4, 2001 be and hereby is **SUSTAINED in part** and **DEFERRED in part.** Defendant's motion is sustained with regard to his request that the Court review the government's notes of its interviews with Dr. Holdcraft. On or before **October 23, 2001,** the government shall produce the notes of its interviews with Dr. Holdcraft *under seal* so that the Court may review them. On or before **October 23, 2001,** the government may also file an affidavit concerning the manner in which the notes were prepared. Defendant's motion is otherwise **DEFERRED.**