

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2003

# USA v. Patterson

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3293

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Patterson" (2003). *2003 Decisions.* Paper 441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3293

UNITED STATES OF AMERICA,

v.

ALVIN PATTERSON.
                                        Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 01-cr-00515)

District Court Judge: Hon. Dennis A. Cavanaugh

Submitted Under Third Circuit LAR 34.1(a)
June 17, 2003

Before: ALITO, ROTH, and HALL,[*] Circuit Judges.

(Opinion Filed:     June 23, 2003                )

OPINION OF THE COURT

HALL, Circuit Judge:

---

[*] The Hon. Cynthia Holcomb Hall, Circuit Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Alvin Patterson appeals his convictions for mail fraud and for conspiring to unlawfully obtain employment benefits. We AFFIRM.

Patterson assigns error to the district court's denial of his request for production of the handwritten notes taken by a government agent during meetings with Zachary Epps, a key prosecution witness. According to Patterson, the district court abused its discretion by denying his request without reviewing the notes *in camera* to determine if they contained material subject to the Jencks Act. Generally, "reports, memoranda, or other internal government documents made by . . . a government agent in connection with investigating or prosecuting the case" are not discoverable. Fed. R. Crim. P. 16(a)(2). Once the government has called a witness to testify for the prosecution, however, the Jencks Act requires the production of "any statement . . . of the witness in the possession of the United States which relates to the subject matter" of the witness's testimony. 18 U.S.C. § 3500(b). If a defendant makes a prima facie showing of the existence of a witness statement, the court must review the statement *in camera* to determine if it is producible. United States v. Smith, 984 F.2d 1084, 1086 (10th Cir. 1993); see also United States v. Sanchez-Gonzales, 294 F.3d at 563, 568 (3d Cir. 2002) (citing Smith favorably).

Patterson argues that he made the requisite prima facie showing by introducing evidence that notes were taken by a government agent during an interview with Epps. Patterson, however, fails to note that under Smith and Sanchez-Gonzales, the defendant

-2-

bears the burden of making a prima facie showing that the document at issue contains a statement by a *witness*. By introducing evidence that a government agent took notes during a meeting with Epps, Patterson did no more than direct the court's attention to something that might qualify as a statement by a non-testifying government agent. The district court therefore had no obligation to review the notes *in camera* in the absence of any evidence that Epps either approved the notes or somehow adopted them as his personal statement. See 18 U.S.C. § 3500(e)(1) (defining "statement" as "a written statement made by said witness and signed or otherwise adopted or approved by him"). Patterson introduced no evidence that Epps adopted or approved the agent's notes. For this reason, the district court did not abuse its discretion by denying Patterson's request for production without reviewing the notes *in camera*.

Patterson also contends that the district court abused its discretion by permitting the government to cross-examine a defense witness about her son's recent criminal conviction. During cross-examination of defense witness Bertha West, the government asked West whether she had a "dislike" for the New Jersey U.S. Attorney's Office because it had recently prosecuted her son, resulting in a 55-month sentence. Patterson argues that the "collateral" nature of the conviction rendered it inadmissible. Patterson also alleges that the conviction was improper character evidence. In addition, Patterson contends that the probative value of the conviction was substantially outweighed by unfair prejudice.

Patterson's contention that the "collateral" nature of the evidence renders it

inadmissible has no merit. Bias is not generally considered a collateral issue because it is so intimately tied to the probative value of direct evidence in the case. See, e.g., United States v. Scott, 267 F.3d 729, 735 (7th Cir. 2002) ("[T]he Federal Rules of Evidence do not consider bias a collateral issue."); United States v. Dunson, 142 F.3d 1213, 1216 (10th Cir. 1998) ("[B]ias is never classified as a collateral matter which lies beyond the scope of inquiry."); Justice v. Hoke, 90 F.3d 43, 48 (2d Cir. 1996) ("[E]xtrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground."). Moreover, to the extent that any issues relating to West's bias could be considered collateral, the decision to permit cross-examination on collateral matters is "within the sound discretion of the trial judge." United States v. Rockwell, 781 F.2d 985, 988-89 (3d Cir. 1986).

We are similarly unconvinced by Patterson's contention that the conviction of Mrs. West's son was improper character evidence. Relevant evidence of bias is not inadmissible merely because it has a tangential relationship to evidence of a witness's character. See United States v. Abel, 469 U.S. 45, 56 (1984) (declining to address the admissibility of evidence under Rule 608(b) because "[i]t was enough that such evidence could properly be found admissible to show bias"). Thus, the government's line of questioning did not constitute improper character evidence.

Finally, the district court did not err by refusing to exclude the evidence under Federal Rule of Evidence 403, which renders evidence inadmissible "if its probative value

is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. As the Supreme Court has noted, proof of bias is virtually always relevant because it bears on the probative value of the facts to which the witness has testified. Abel, 469 U.S. at 52. Patterson argues that the knowledge that West was the mother of a felon had a "certain, negative impact" on the jury, but does not further elaborate as to how Patterson was unfairly prejudiced. We recognize the possibility that the government's questioning of Bertha West (Patterson's sister) revealed that Patterson's nephew was a convicted felon. However, it is extremely unlikely that the jury was substantially swayed by the knowledge that Patterson's nephew was a felon, particularly since the jury was already aware that Patterson associated with convicted criminals such as Zachary Epps. Thus, the district court acted well within its discretion by determining that the probative value of the conviction was not substantially outweighed by unfair prejudice. See id. at 54 (noting that "assessing the probative value" of evidence offered to show bias "and weighing any factors counseling against admissibility is a matter . . . for the district court's sound judgment").

We AFFIRM the judgment of the district court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Not Precedential Opinion.


/s/Cynthia H. Hall
_____
Circuit Judge