UNITED STATES of America, Plaintiff,

v.

Paige A. HECK, Defendants.

No. 02–40069–03–SAC.

United States District Court,
D. Kansas.

Oct. 14, 2003.

Mark L. Bennett, Jr., Bennett & Hendrix, LLP, Topeka, KS, for Defendants.

Tanya J. Treadway, Topeka, KS, for Plaintiff.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the motion of the defendant Paige A. Heck for the production of investigative interview reports of government witnesses. (Dk. 232). At the status conference, Ms. Heck's counsel argued that it was the government's duty to produce these interview reports as Jencks Act statements of either the testifying government agents who wrote the reports or the testifying government witnesses who were interviewed. The government opposed the request because it believes those interview reports which have not been produced do not relate to the government agents' intended testimony and are not substantially verbatim recitals of the witnesses's oral statements. The court directed the parties to brief the matters for the court's consideration. Having received the defendant Paige Heck's motion (Dk. 232) and the government's response (Dk. 236) and having researched the law relevant to these issues, the court issues the following order.

The defendant argues that as part of the government's investigation agent Brian Holt interviewed numerous individuals and then recorded the information obtained during the interviews in written investigative reports. The defendant argues these reports of interviews of persons who will be government witnesses at trial qualify as "statements" under Fed.R.Crim.P. 26.2 and 18 U.S.C. § 3500 because they contain substantially verbatim, contemporaneously recorded recitals of the witnesses's oral interview on matters related to the subject matter of their testimony. Alternatively, the defendant maintains the investigative interview reports are statements because they are signed written statements of the interviewer, Agent Brian Holt.

In arguing that the reports are statements of the interviewed witnesses, the defendant's counsel at page five of his memo-

randum represents that the government permitted him to make a limited review of the reports and that "the reports in every instance appear to relate to the issues which the defendant anticipates that the witness will testify to on direct examination." (Dk. 233). What is noteworthy by its absence from page five is any direct representation by defense counsel that the reports appear to contain substantially verbatim, contemporaneously recorded recitals of the witnesses' oral interviews. Earlier in the memorandum is found the argument in that regard, but it is not accompanied by any similar direct representation by defense counsel. Thus, the government is incorrect in saying that the defendant "makes no *argument* or representation that the interview reports contain 'substantially verbatim recitals' of the witnesses' statements to the interviewing agents." (Dk. 236, p. 5) (italics added). The government firmly represents that the interview reports here do not contain such recitals and argues that interview reports typically do not contain substantially verbatim recitals.

In arguing that the reports are statements of the interviewing agent Holt, the defendant points to several authorities which have recognized that a law enforcement officer's report can be the officer's statement required to be produced under the Jencks Act. The government represents that it has produced copies of certain interview reports related to the agents' expected testimony but that it has withheld copies of those interview reports that are not relevant to expected testimony. The government denies that the agents will be testifying about what other witnesses told them during interviews.

**GOVERNING LAW**

Rule 26.2 of the Federal Rules of Criminal Procedure incorporates the rules from the Jencks Act, 18 U.S.C. § 3500, and extends their applicability to defense witnesses and to other evidentiary hearings before and after trial. For ease of reference, the court will cite only Fed.R.Crim.P. Rule 26.2 but will rely on cases that cite and interpret either or both Rule 26.2 and the Jencks Act.[1]

"[O]n motion of the party who did not call the witness," the court must order the attorney for other party to produce "any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed.R.Crim.P. 26.2(a). "Statement" is defined as follows:

(1) a written statement that the witness makes and signs, or otherwise adopts or approves;

(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed.R.Crim.P. 26.2(f). In this case, as in most others, there are two general issues: (1) whether the statement made by the witness meets one of these definitions, and (2) whether the statement relates to the subject matter of the witness's testimony.

For purposes of this motion, the first definition applies to the defendant's argument that the reports are statements of the interviewing agents, and the second definition applies to the argument that the reports are statements of the interviewed witnesses. As there appears to be no dispute over the applicability of the first definition,[2] the court will only discuss the second definition.

Notes from a witness's interview can be a "statement" if they are "substantially verba-

1. "The Rule, ..., was intended to replace the provisions of the Jencks Act dealing with discovery of prior statements of testifying witnesses, on 'the notion that provisions which are purely procedural in nature should appear in the Federal Rules of Criminal Procedure rather than in Title 18.'" *United States v. Smith*, 31 F.3d 1294, 1301 (4th Cir.1994) (quoting Advisory Committee Note to Fed.R.Crim.P. 26.2), *cert. denied*, 513 U.S. 1181, 115 S.Ct. 1170, 130 L.Ed.2d 1124 (1995).

2. "Indeed, when a testifying government agent has prepared a formal report intended to be communicated to others, such a report may be discoverable as the agent's statement," under the

tim." *United States v. Smith,* 984 F.2d 1084, 1086 (10th Cir.), *cert. denied,* 510 U.S. 873, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993); *United States v. Daniels,* 174 F.Supp.2d 1205, 1207 (D.Kan.2001). The Supreme Court has said that a statement is a substantially verbatim recital if it can "fairly be deemed to reflect fully and without distortion what had been said to the government agent." *Palermo v. United States,* 360 U.S. 343, 352, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The Supreme Court has observed that this definition was:

> [D]esigned to eliminate the danger of distortion and misrepresentation inherent in a report which merely selects portions, albeit accurately, from a lengthy oral recital. Quoting out of context is one of the most frequent and powerful modes of misquotation. We think it consistent with this legislative history, and with the generally restrictive terms of the statutory provision, to require that summaries of an oral statement which evidence substantial selection of material, or which were prepared after the interview without the aid of complete notes, and hence rest on the memory of the agent, are not to be produced. Neither, of course, are statements which contain the agent's interpretations or impressions.

*Id.* at 352–53, 79 S.Ct. 1217; *see also United States v. Sasso,* 59 F.3d 341, 351 (2nd Cir. 1995). The Supreme Court also has noted that Congress thought it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations and interpolations." *Id.* at 350.

Consequently, the courts have denied the production of investigative interview reports that are merely summaries of oral statements, *United States v. Sasso,* 59 F.3d at 351; *United States v. Marshall,* 985 F.2d 901, 908 (7th Cir.), *cert. denied,* 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993), or Jencks Act. *United States v. Lewis,* 35 F.3d 148,

"embody only the agent's epitomization, interpretation, or impression of an interview are not producible." *United States v. Jackson,* 850 F.Supp. 1481, 1508 (1994) (quotation and citation omitted), *aff'd,* 76 F.3d 1145 (10th Cir.1996). " '[T]he materials should not only reflect the witness' own words, but should also be in the nature of a complete recital that eliminates the possibility of portions being selected out of context." *Id.* (quoting *United States v. Bobadilla–Lopez,* 954 F.2d 519, 522 (9th Cir.1992), *cert. denied,* 506 U.S. 1056, 113 S.Ct. 987, 122 L.Ed.2d 139 (1993)).

In deciding whether a statement "relates to" the witness's testimony, the Tenth Circuit has applied the following: "[T]he word 'relate' is not always limited to factual narratives.... In determining whether the statements in question 'related to' the direct testimony of the witness, it must relate generally to the events and activities testified to...." *United States v. Peters,* 625 F.2d 366, 371 (10th Cir.1980) (quoting *United States v. O'Brien,* 444 F.2d 1082, 1086 (7th Cir.1971)). An agent's summaries of witness interviews may relate to his testimony without the summaries being relevant in the sense that the agent "could be impeached by anything contained in them." *United States v. Lewis,* 35 F.3d 148, 152 (4th Cir.1994). It is enough if the statements "would be related generally to the events and activities testified to." *United States v. Peters,* 625 F.2d at 371.

"Under the Jencks Act, the trial court has an affirmative duty to gather the material necessary to satisfy the requirements of the Act." *United States v. Peters,* 625 F.2d at 370. "Plainly, it is the duty of the court to determine relevancy, and in order for this determination to be made the judge must read the material." *Id.* It is improper for trial court to rely solely on the government's determination of whether a statement relates to the witness's testimony. *Id.* at 370–71. "If the party who called the witness claims that the statement contains information that ... does not relate to the subject matter of

150 n. 4 (4th Cir.1994) (citation omitted).

the witness's testimony, the court must inspect the statement in camera." Fed. R.Crim.P. 26.2(c). Generally, this "is impossible for the district court to intelligently resolve ... until *after* the witness has testified." *United States v. Lewis,* 35 F.3d at 151.

■ When a defendant makes a prima facie showing that a witness statement exists that may be producible as a substantially verbatim recital, the court must conduct *in camera* review of the statement. *United States v. Smith,* 984 F.2d at 1086. Stated another way, "[w]hen it is doubtful whether the notes are subject to discovery, the government should submit them to the trial court for an *in camera* determination; the court may in its discretion consider extrinsic evidence in deciding whether the notes qualify as a witness statement." *United States v. Scotti,* 47 F.3d 1237, 1249–50 (2nd Cir.1995) (citations omitted). The court may avoid an *in camera* inspection only when it is clear that the materials could not be Jencks Act statements. *United States v. Smith,* 31 F.3d 1294, 1302 (4th Cir.1994), *cert. denied,* 513 U.S. 1181, 115 S.Ct. 1170, 130 L.Ed.2d 1124 (1995).

## HOLDING

■ Based on the law set forth above, the court is unable to decide the merits of the defendant's motion without first inspecting *in camera* those investigative interview reports in issue of which copies in the government's possession have not been furnished to the defendants. This inspection would inform the court as to whether any of the reports qualify as substantially verbatim recitals. On the issue whether the statements relate generally to the events and activities to which the reporting agent testified in direct examination, the court expects this determination must await completion of the agent's direct testimony. Within five days of this order, the government shall proceed to furnish the court *in camera* with copies of the reports in question.

IT IS THEREFORE ORDERED that the defendant Paige A. Heck's motion for the production of investigative interview reports of government witnesses (Dk. 232) is taken under advisement pending the court's receipt and review *in camera* of the investigative interview reports in question and pending the direct testimony of the government's agents who signed the reports.